UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| PAUL SELLARS, SR., | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:04 CV 335 |
| | ) | |
| CITY OF GARY, *et al.*, | ) | |
| Defendants | ) | |

## MEMORANDUM AND ORDER

Plaintiff Paul Sellars, Sr. ("Sellars") was a firefighter for defendant City of Gary, Indiana ("Gary"). He is now retired and a participant in the pension plan of the Gary Fire Department ("GFD"). After he requested, and was denied, coverage under Gary's health insurance plan, which he believes he is entitled to as a pension plan benefit, he filed the present action, claiming that Gary, and individual defendants employed by the GFD, violated his right to equal protection under the fourteenth amendment of the United States Constitution, and committed a breach of contract. The Gary[1] defendants have filed a joint motion for summary judgment.

RULE 56 of the FEDERAL RULES OF CIVIL PROCEDURE directs this court to enter a summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c). When considering the motion, the court must construe all of the evidence

---

[1] "Gary" will be used hereinafter as a collective reference to all defendants.

and the reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Harrell v. United States Postal Service*, 415 F.3d 700, 706 (7th Cir. 2005).

The following facts are not in dispute, or, where they are, the version favorable to Sellars, the non-moving party, is accepted as true. Sellars left his employment with the GFD in 1991. Two years later, he filed an employment-related lawsuit against the GFD. That suit was settled in April 1997, pursuant to a written settlement agreement ("Settlement Agreement"),[2] and the parties consider the date of April 1, 1997, to be Sellars' retirement date.[3] Among other pertinent provisions, the Settlement Agreement provided that:

> Sellars shall be entitled to a Gary Firefighter Service Pension based upon Sellars' twenty (20) years of service as a Gary firefighter from the date of his appointment to the Gary Fire Department on August 21, 1974, to the date that his application for such service pension is approved.

Other than the health insurance benefits at issue in this case which Sellars contends are due him by virtue of his status as a retired firefighter under the Settlement Agreement, Gary has complied with all terms of the Settlement

---

[2] A copy of the Settlement Agreement is in the record as Ex. A to Gary's motion for summary judgment.

[3] This is a fact listed in Gary's statement of facts not in dispute filed pursuant to LOCAL RULE 56.1(a), which Sellars' does not dispute in his statement of genuine issues.

Agreement by making payments required thereunder to Sellars and contributions on his behalf to the pension plan.

In July 2003 Sellars first requested payment of his pension benefits, and spoke with defendant Jansen Rollins at that time, who is the GFD Pension Board Secretary. Sellars told Rollins that he wanted health insurance benefits. Rollins responded that the benefits were due to Sellars, and that Rollins would "get back to him [Sellars}" on the issue. When Sellars did not receive further information, and after making several unsuccessful attempts by telephone to do so, he contacted the attorney who had represented him in his earlier suit against Gary, Joseph Simeri.

Attorney Simeri sent a letter to Rollins and to another Gary official, stating that as a retired firefighter, Sellars was "entitled to all of the benefits applicable to retired firefighters including, without limitation, insurance benefits." Attorney Rebecca Wyatt responded on behalf of Gary, stating that pension benefits and health insurance benefits were two different benefits, and that Sellars would not receive health insurance benefits because the Settlement Agreement entitled him to pension benefits only.

Gary reiterates that argument in its motion for summary judgment, contending that it is entitled to summary judgment because the unambiguous terms of the Settlement Agreement provide Sellars with pension benefits only, not

3

all of the benefits to which a GFD retiree is normally allowed. In addition, Gary argues that it is entitled to a summary judgment because retirees must elect health insurance coverage within ninety days of their retirement date,[4] which, in Sellars' case, was April 1, 1997, but he did not request health insurance benefits until July 2003.

Sellars' response to Gary's motion, summarized briefly, is, first, that the real reason that he was denied health insurance benefits was to retaliate against him for his earlier lawsuit against the GFD, and so he has been treated as a "class of one" in violation of his equal protection rights. Second, he argues that retired firefighters first became eligible for health insurance benefits when the plan was amended effective January 1, 2001. As Sellars sees it, the terms of the amended health plan entitle all retired firefighters who are members of the pension fund to health insurance benefits. Thus, by virtue of the amendment and his status under the Settlement Agreement as a member of the pension plan, he is entitled to health insurance, and Gary's failure to provide it is a breach of the Settlement Agreement.

---

[4] The only evidence Gary provides for the existence of this ninety-day requirement is the terms of a collective bargaining agreement that became effective on January 1, 2003. Gary Statement of Undisputed Facts ¶ 13. Gary does not explain how an agreement effective in 2003 would retroactively apply such that Sellars had to elect coverage six years earlier when he retired April 1, 1997. Although Gary does elaborate somewhat in its reply memorandum, explaining that the requirement is consistent with Ind. Code § 5-10-8-2.2, Gary has pointed to no evidence in the record showing that the ninety-day-election requirement was a reason for its denial of health benefits to Sellars.

Taking Sellars' equal protection "class of one" argument first, a plaintiff attempting to prove such a claim must establish that he has been treated differently than similarly-situated individuals, and that the differential treatment is intentional, either because of an invidious reason, or without any rational basis for such treatment. *Levenstein v. Salafasky*, 414 F.3d 767, 775-76 (7th Cir. 2005); *Crowley v. McKinney*, 400 F.3d 965, 972 (7th Cir. 2005); *Tuffendsam v. Dearborn County Board of Health,* 385 F.3d 1124, 1127 (7th Cir. 2004).

Gary has not attacked any inability by Sellars to provide evidence that he was treated differently than similarly-situated retired Gary firefighters. Nevertheless, as will be explained below, Sellars takes Gary to task for not making any showing on this issue, and Sellars' argument provides a key to a reasoned decision in this case. Gary's argument for summary judgment instead focuses on the contention that Sellars has no evidence that there was an invidious or wholly irrational reason for denying him benefits. As already noted above, Gary argues to the converse that there were two rational reasons to turn Sellars down: Gary's interpretation of the settlement agreement as providing pension, but not health, benefits, and Sellars' failure to request health benefits within ninety days of his retirement.

Taking the latter reason first, there is a substantial reason that Gary cannot rely on any failure by Sellars to meet the ninety-day deadline as a means of

5

obtaining summary judgment: as mentioned above at p. 4, n. 4, Gary has pointed to no evidence of record showing that this was a reason that a decision was made to deny Sellars health insurance benefits. The fact that Gary may have relied on that reason comes only from argument made by an attorney in a memorandum of law.[5]

It is true, as Gary points out in its reply to Sellars' derision of Gary's "shifting rationale," Plaintiff's Response at 9, that parties are free to offer alternative defenses. In the present circumstances, however, Gary has moved for summary judgment based on the affidavit of Pension Board Secretary Rollins. In his affidavit, Rollins' only explanation for Gary's decision to deny Sellars' request for health insurance benefits is that the Settlement Agreement did not include them. While evidence may exist and could be offered, were this case to go to trial, to show that the ninety-day deadline was a factor Gary relied on when deciding to deny Sellars benefits, Gary has not provided any such evidence in support of its motion for summary judgment. Gary cannot, therefore, obtain summary judgment based on a rationale for its decision that Gary has not shown *was* a reason for its decision. *Cf. Nabozny v. Podlesny*, 92 F.3d 446, 458 (7th Cir. 1996) (in context of qualified immunity, reliance by defendants on case allowing criminalization of

---

[5] Although Gary also gave that reason in an interrogatory answer provided by Sellars as ex. 3 to his response to Gary's motion, Gary has not posited that interrogatory answer as providing any basis for it obtaining a summary judgment.

sodomy "misplaced" when defendants made no mention of sodomy as a basis for their discrimination).

This does, however, leave the former reason, which was given to Sellars a short time after[6] he requested health benefits, as a rational reason for Gary's actions: that the Settlement Agreement provided only for pension benefits. Sellars responds that Gary cannot obtain summary judgment on this basis because there is a question of fact as to whether this was the real reason for Gary's actions.[7] In briefest terms, Sellars argues that there are three reasons to think this explanation is a pretext: 1) when Sellars first requested health insurance benefits, Rollins said he was entitled to them; 2) Gary's later raising the issue of a ninety-day deadline for electing coverage is a "shifting rationale" that shows Gary is acting arbitrarily and has no rational basis for its decision; and 3) Gary is simply wrong in

---

[6] According to Gary, this explanation was given when Sellars first requested benefits. According to Sellars, the explanation came later, contradicting what Rollins initially told him. For summary-judgment purposes, the court gives credence to Sellars' version of the events.

[7] Although neither Sellars, nor Gary, ever raise or address at all, it is clear from this pretext argument that Sellars is relying on the indirect, burden-shifting method to show Gary's improper motivation. While the availability of this method in proving a "class of one" equal protection claim has not, to this court's knowledge, been directly addressed, the court assumes the method may be used based on its recognized use in equal protection claims generally. *See Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1037-38 (7th Cir. 2003).

concluding that the Settlement Agreement does not provide health insurance benefits.[8]

Whether or not these three issues, individually or collectively, might provide some reason to doubt the honesty of Gary's explanation of its reason for denying health insurance benefits to Sellars, the court believes that there is an absence of evidence in this case that would allow a jury to find in Sellars' favor on the larger point on which his case is based: that the real reason for Gary's denial was vindictive, to punish Sellars for his earlier employment-related lawsuit against the GFD. In any equal protection case, the burden of showing an impermissible motivation always remains on the party making the claim. *Cf. Pruitt v. McAdory*, 337 F.3d 921, 928-29 (7th Cir. 2003).

It is true that showing that an explanation is pretextual "may, *together with the elements of the prima facie case*," permit a jury to find an impermissible and intentional motive. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed. 2d 407 (1993) (emphasis added). Thus, although Gary jumped right to the issue of whether there was a legitimate reason for its action, it is important to determine whether Sellars even has a prima facie case. While it has been stated that a "class of one" prima facie case requires a showing that "the

---

[8] It should be pointed out that this third point is irrelevant to a showing of pretext. Even were it not true, as will be explained shortly, that Gary's interpretation is correct, only if Gary's interpretation of the Settlement Agreement were ludicrous would pretext be a reasonable inference.

defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position," *Hilton v. City of Wheeling,* 209 F.3d 1005, 1008 (7th Cir. 2000), this court is unaware, as noted above at p. 7, n. 7, of any discussion of what the elements of a prima facie claim using the indirect method of proof might be.

    Nevertheless, the court has no trouble concluding that one element must be a showing that the plaintiff is being treated differently than individuals who are identical in all relevant respects. *See Levenstein*, 414 F.3d at 775-76; *cf. Hildebrandt v. Ill. Dep't of Natural Res.,* 347 F.3d 1014, 1038 (7th Cir. 2003). In fact, the Court of Appeals imposes a "high burden with regard to establishing someone who is similarly situated in the context of 'class of one' equal protection claims." *McDonald v. Village of Winnetka,* 371 F.3d 992, 1003 (7th Cir. 2004).

    Sellars' response to Gary's motion for summary judgment shows that there is an absence of evidence on this issue. In his response Sellars criticizes Gary for not providing any evidence, in response to his discovery requests, that prior to the date he filed his lawsuit retirees were provided with written "retirement checklist" forms, and required to elect health insurance coverage within ninety days of retirement. In response to Sellars' request, Gary produced only six retirement checklist forms from December 2004 and January 2005, after Sellars filed the present suit, giving the six retirees named therein the option to continue

their health insurance coverage. Thus, Sellars argues that as he was never provided with a retirement checklist, he was "treated differently than the six (6) employees who did not file civil rights lawsuits against Defendants and were allowed to complete Retirement Checklist forms and request health insurance benefits." Plaintiff's Response at 8.

This misses the point. It is Sellars', not Gary's, burden to demonstrate that he was treated differently than similarly-situated employees, and it is important to be sure that a plaintiff has satisfied the elements of a prima facie case. *Peele v. Country Mutual Ins. Co*., 288 F.3d 319, 327 (7th Cir. 2002); *Coco v. Elmwood Care, Inc.*, 128 F.3d 1177, 1179 (7th Cir. 1977). The discovery responses that Sellars points to only show that six employees who retired "normally" in late 2004 and early 2005 were given a checklist at the time of retirement that allowed them to continue health insurance coverage.

To Sellars, the critical similarity between he and they, and the only one that matters, is that all are retired firefighters, and the others were given a retirement checklist but he was not. However, Sellars has failed to show that Gary had implemented this form in July, 2003, when Sellars requested his pension or, more importantly, by April 1, 1997, the date considered to be Sellars' retirement date.[9] In

---

[9] It is undisputed that before 2003 retirees had to pay the full cost of health insurance. Prior to that, Gary argues, retirees found it too expensive to participate in the health plan. Thus, there is reason to think the form may have only come into use recently.

the court's view, at the very least Sellars needs to show that some firefighter (perhaps a police or some other public employee would also suffice) who retired before or near the time Sellars did, was either offered the checklist or, several years later, requested commencement of pension and health insurance benefits and had the health insurance benefits granted.

As the case now stands, Sellars has no evidence that he was treated differently than similarly-situated persons, and his evidence that was singled out for vindictive treatment because of his prior lawsuit against Gary rests solely on the fact that he did prosecute a prior lawsuit against Gary. Because no reasonable jury could find for Sellars based upon this *post hoc, ergo propter hoc* logic (or, put another way, because Sellars has not shown the existence of a prima facie case), Gary's motion for summary judgment on Sellars' equal protection claim will be granted.

The court's resolution of Gary's motion for summary judgment on Sellars' breach of contract claim reinforces its belief that Sellars' equal protection claim is untenable. Gary's argument for summary judgment on Sellars' breach of contract claim is that the terms of the Settlement Agreement were clear and unambiguous, and entitled Sellars to receive a pension only, not all of the benefits to which other retirees might be entitled.

Sellars' response is that the Settlement Agreement states only that he is "entitled to a Gary Firefighter Service Pension," and he is, therefore, entitled to "any and all benefits associated with said pension." Plaintiff's Response at 12. Sellars asserts that as a member of the pension plan, he was entitled to receive health insurance benefits pursuant to the health insurance plan effective January 1, 2001. Plaintiff's Response at 4, ¶ 18; 12. The only support Sellars gives for this assertion is a citation to his "Exhibit 5," which appears to be a copy of the cover page, and pages 4 and 32 of the coverage booklet for the "City of Gary, Indiana Health Care Plan." The document is not properly authenticated, and Sellars has not explained which provision of the plan entitles him to coverage, other than (the court presumes) by placing a handwritten checkmark next to one of the paragraphs on p. 32 (the third page of the exhibit).

While the court cannot condone this lackadaisical approach, in the absence of an objection from Gary it will consider the substance of the paragraph, which states:

> Retired sworn Firefighters & Police Officers, who are members of the City of Gary Fire or Police Pension Fund, are eligible *to continue coverage under The City of Gary Health Plan for only the persons insured at the time of retirement. . . . The decision to continue the plan must be made on or before the date of retirement, otherwise coverage(s) will be terminated and cannot be reinstated.*

Plaintiff's ex. 5, p. 3 (emphasis added). Sellars has not disputed ¶ 7 of Gary's statement of facts, which states that Sellars' date of retirement was April 1, 1997,

12

and that he did not request health insurance benefits at that time, nor has he provided any other evidence that he was insured under the City of Gary Health Plan at that time and elected to continue coverage. For that reason, Gary is entitled to summary judgment on Sellars' breach of contract claim.

This conclusion is not affected by the fact that Sellars does attempt to dispute Gary's statement (the first ¶ 8 of Gary's statement of facts) that, at the time of Sellars' retirement on April 1, 1997, Gary allowed retirees to participate in the health insurance plan. First, Sellars argues that the statement should be struck because it is not supported by admissible evidence. This is wrong because the evidentiary support comes from the affidavit of Pension Board Secretary Rollins, who affirms personal knowledge of the facts, and his proposed testimony would itself be admissible evidence. Next, Sellars cites exhibits 4 and 5 to his response to Gary's motion to support his contention that, prior to amendment of the health insurance plan effective January 1, 2001, retirees were not entitled to health benefits.

Exhibit 5, as noted above, appears to be three pages from the plan document for the "City of Gary, Indiana Health Care Plan," as amended on January 1, 2001. Exhibit 4 appears to be the prior plan document, which is greater than 50 pages in length. Without Sellars' citing specific portions of this document and explaining how they show that Rollins' statement that retirees were always allowed coverage

13

under the plan can be doubted, Sellars has not created an issue of fact as to Rollins' testimony. In addition, as Gary points out in its reply memorandum, if it is true, as Sellars contends, that on April 1, 1997, retirees were not entitled to health insurance benefits, then Sellars' affidavit in response to Gary's motion, in which Sellars states that he did not believe that he was waiving any rights to health insurance benefits on April 1, 1997, cannot be accepted on its face. There would have been no such benefits to waive, and health insurance benefits simply would not have been within the parties' contemplation when drafting the terms of the Settlement Agreement.

One final issue remains. Sellars asserts that to the extent that Gary is contending that, by entering into the Settlement Agreement, he waived his rights to health insurance benefits, Gary is admitting a violation of the Older Workers' Benefit Protection Act,[10] which requires a knowing and voluntary waiver, and he should be allowed to amend his complaint to include this claim. An argument in a memorandum is not a sufficient motion to amend. LOCAL RULE 7.1; 15.1. More importantly, Sellars has known that Gary contends that he was not entitled to health insurance coverage because of the Settlement Agreement since February 2004, six months before he filed his complaint, and he has known since the scheduling order entered October 21, 2004, that the deadline for amending his

---

[10] P.L. 101-433 § 101, 104 Stat. 978 (Oct. 16, 1990), 29 U.S.C.A. § 626(f)(1)(H).

complaint was November 29, 2004. It is too late to do so now. *See, e.g.*, *Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993).

For the foregoing reasons, the motion for summary judgment filed by the defendants (docket # 15) is **GRANTED**, and the clerk shall enter a final judgment stating that plaintiff shall take nothing by way of his complaint.

**SO ORDERED.**

ENTER: August 26, 2005

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT